IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 

No. 
02-0375

 
In Re  Hal G. Kuntz
 

On Petition for Writ of 
Mandamus

 
Argued on September 10, 2003
Justice Wainwright, concurring.
In 
this case the Court decides whether a party may be ordered to produce documents 
containing trade secrets when the party does not own the documents or the trade 
secrets and claims not to have possession, custody or control of them.
This 
discovery dispute arose in post-divorce proceedings between Vesta Frommer and 
Hal Kuntz.  As a just division of 
the parties= 
property, Vesta and Hal entered an Agreement Incident to Divorce (AAID@), 
which the trial court approved.  
Under the AID, Vesta had Athe 
right to 25% of all overriding royalty interests, if any, from MOXY assigned to 
Husband [Hal Kuntz] after the date of divorce that results from projects on 
which CLK forwarded letters of recommendation to MOXY to drill during the 
marriage.@  Hal was an owner and general manager of 
CLK Company, L.L.C. (ACLK@), 
which provided letters of recommendation (ALORs@) 
to McMoran Offshore Exploration Co. (AMOXY@) 
of potential oil and gas exploration and drilling opportunities primarily in the 
Gulf of Mexico.  Based on the AID, 
Vesta sought to obtain all of the approximately 1,800 LORs with positive 
recommendations that CLK sent to MOXY during her 15 year marriage to Hal.  Hal, CLK, and MOXY 
objected.


The 
trial court in this case was asked to balance a myriad of interests.  Vesta was not comfortable trusting Hal 
to produce only the LORs for the wells from which she was entitled to 25% of the 
overriding royalty, and, therefore, she sought all the LORs to monitor 
compliance with the AID.  The 
dispute occurred when both MOXY and CLK instructed Hal not to produce the LORs 
to Vesta.  The trial court found 
that the LORs contained trade secrets involving geological and seismic data and 
recommended locations where MOXY may drill oil and gas wells in the future.  It is undisputed that neither Hal nor 
his employer CLK owned the LORs; they were MOXY=s.  Further, pursuant to their consulting 
agreement with MOXY, Hal and CLK were bound to use the documents and trade 
secrets only in furtherance of services performed for MOXY.  Thus, the trial court had to balance 
protection of the trade secrets in MOXY=s 
LORs with allowing Vesta the right to verify with information from those LORs 
that she had received 25% of the overriding royalty interests in producing wells 
assigned to Hal after recommendation by CLK.  The trial court, after ordering 
production of redacted LORs, but being confronted with the possibility that some 
of the LORs may contain drilling recommendations that do not use the word Adrill@ 
(and thus may be subject to interpretation), ordered Hal to produce all the 
LORs  containing positive 
recommendations, subject to a confidentiality agreement.


Further 
complicating this matter is Vesta=s 
attempt to obtain the documents from Hal rather than their owner, MOXY.  Vesta  apparently joined MOXY as a ANominal 
Respondent@ 
in the trial court proceeding and later non-suited it.  MOXY was not served with citation and 
asserts that it made no formal appearance in the case.  The LORs were subpoenaed from MOXY, but 
the parties do not cite any order evidencing a ruling by the trial court 
concerning the subpoena.  
Nevertheless, MOXY, as a non-party, participated in the proceedings over 
the LORS, including filing written objections to the discovery requests, making 
arguments to the Court, objecting to evidence in evidentiary hearings and 
offering closing statements at the end of the hearings, along with the parties 
in the lawsuit.  While it is unclear 
why Vesta sought the documents from Hal rather than MOXY, and notwithstanding 
our regard for the diligent inquiry and complex decisions made by the trial 
court, I agree with the Court=s 
opinion.  I do not disagree with the 
implication in the opinion of the Court that the documents should be obtained, 
if at all, from MOXY.
I 
note, however, that if this Court=s 
decision had been adverse to MOXY=s 
position, then as the proceeding continued in the trial court, MOXY may have had 
a difficult time attempting to obtain a different ruling.  MOXY had notice and fully participated 
in the prior proceedings at the trial court over production of the LORs.  Given the circumstances, a second bite 
at the apple may have been hard to come by.
 
 
________________________________________
J. 
Dale Wainwright
Justice
 
 
OPINION 
DELIVERED:  December 19, 
2003